*Twenty-First Judicial District.*

## In the Court of Common Pleas of Schuylkill County.

## THE COMMONWEALTH *ex rel.* DANIEL BARLOW *v.* FRANK SHOENER.

1. The provision of the act of 17th February, 1859, "that no one person shall be eligible to hold more than one township, borough or school district office at one time," must exclude defendant from the office of councilman, he being a member of the school board at the time he was sworn in as councilman.

2. The right to a strictly charter office can only be determined in a *quo warranto.*

3. The right to hold office can only be investigated in a *quo warranto* in the Common Pleas, (Scranton borough election, per Conyngham, J., Brightly's L. C. on election, 455 to 462, followed)..

4. Where under the cumulative method of voting, the ballots for a candidate were marked "2 votes," *Held*, that the intention to give two votes each to such candidate, was clearly enough shown on the face of the ballot, to make it a compliance with the act of assembly on this subject.

Quo Warranto.

Opinion delivered June 9th, 1873, by

PERSHING, P. J.   This is a *quo warranto* to test the right of Frank Shoener, the defendant, to hold the office of town councilman for the borough of Mahanoy City.   At the time the defendant claims he was elected to this office, viz: on the 21st day of February, 1873, and at the date he was sworn in, viz:   on the 3rd day of March last, he was also a member of the school board, in said borough.   This latter office he claims, through his counsel, to have resigned on the first day May last.

By the act of assembly approved the 17th day of February, A. D. 1859, entitled "an act to secure the stricter accountability of certain public officers in Schuylkill county," it is provided "that no one person shall be eligible to hold more than one township, borough, or school district office at one time, except the offices of township treasurer and collector."   In the case of the commonwealth *v.* Pyle, 6 Harris 519, it is held that "where one would be ineligible to office on account of disqualification, he must get rid of the disqualification *before he is appointed or elected;* but where the prohibition extends only to the enjoyment or exercise of an office, it is sufficient that the person appointed be qualified *before he is sworn.*"   The defendant's case is not within either branch of this rule, as he assumed the duties of a member of the town council on the third day of March, 1873, his resignation as a member of the school board having been made on the first day of May thereafter.   The facts on this point are undisputed, and it follows that for this alone, if no other reason existed, Shoener must be excluded from the office of councilman of said borough of Mahanoy City. .

On the argument, a plea to the jurisdiction of the common pleas was filed, on the ground that the court of quarter sessions alone has jurisdiction to hear and determine all cases in which the election of any county or township officer may be contested. This is true, but we think a member of a town council is not a county or township officer. The general borough law under which Mahanoy is incorporated, makes no provision for the contesting of a right to a seat in the council, such as is made in the case of county and township officers, leaving the remedy by *quo warranto* as the only one to which resort can be had. The right to a strictly charter office can only be determined in a *quo warranto*. The mere charter officers, the burgess, and council, are not within the scope of the powers given to the quarter sessions; their right to hold office can only be investigated on a *quo warranto* in the common pleas : per Judge Conyngham, Scranton borough election, decided in 1860, Brightly's L. C. on elections, 455, 462. The legislative understanding of the question may·be inferred from the act of 9th of March, 1873, extending the jurisdiction of the quarter sessions to contested elections of borough and ward officers, judges and inspectors of elections, in Northampton and Lehigh counties. At the election held in the borough of Mahanoy, on the 21st of February last, two members of the council were to be elected, and there were three candidates. The complainant alleges he had a legal majority of 140 votes, whilst the defendant claims he was elected by a majority of 29 of the voters. The contest grows out of what is known as the cumulative system of voting, which was extended to all elections for town councilmen, by the act of June 2d, 1871, and which has recently been repealed by the legislature. At the election a number of ballots were voted in form as follows :

*Council,*
Daniel Barlow, 2 votes.

The complainant alleges that 169 persons voted these cumulative ballots. The testimony of the· election officers does not fix the precise number, but shows that over 120 such ballots·were voted for Barlow, and that these were counted as but one vote each, because, as one of the inspectors testifies, they thought it not law to count these ballots two votes each. Counting these ballots on which the words and figures "2 votes" appeared opposite Daniel Barlow's name as but one vote each for Barlow, gave Shoener a majority, and he received a certificate. A re-count has not been ordered, because it·was conceded ·on ·the· argument of the complaint and answer, that if the ·cumulative . method of voting·was to rule, Barlow had a majority of the votes cast. This is the fact whether the number of cumulative ballots cast for Barlow was 169 or 120. It was argued that the cumulative method of voting was unconstitutional, and that the ballots for Barlow marked "2 votes," should only ·be counted one vote each, because the votes did not, as required by law, express their intention distinctly and clearly upon the

face of the ballots that they severally intended giving more votes than one to Daniel Barlow.    In this case we think the intention to give two votes each to Daniel Barlow is clearly enough shown on the face of the ballots to make it a compliance with the act of assembly on this subject. The question of constitutionality was not strongly pressed   The conclusion we have reached is, that Daniel Barlow was legally elected a member of the town council of the borough of Mahanoy City, instead of Frank Shoener, who now holds the office.

And now, June 9, 1873, judgment of ouster against the defendant, and that he, the said Frank Shoener, be altogether excluded from holding or exercising the office of a member of the town council of the borough of Mahanoy City, by virtue of any supposed election to said office, at the election held for said borough, on the 21st day of February, A. D. 1873, and it is further adjudged and determined that Daniel Barlow was duly elected a member of the town council for said borough, at the election held on said 21st day of February, A. D. 1873, and it is hereby decreed that said office be held by said Daniel Barlow, and that he recover his costs.

*Horace M. Darling*, Esq., for relator; *Geo. H. Troutman* and *B. W. Cumming*, Esqs., for defendant.